Pesante Martínez, Juez Ponente
*997 TEXTO COMPLETO DE LA RESOLUCION
Los recurrentes eran empleados regulares adscritos a la División de Saneamiento del Departamento de Obras Públicas del Municipio de Caguas. Estos, el 6 de agosto de 1985, en unión a otros empleados de la misma dependencia llevaron a cabo un paro huelgario. En él participaron más de cien (100) empleados. Mediante carta fechada 13 de agosto de 1985 se le apercibió a todos los huelguistas que debían reintegrarse a sus labores en o antes del 19 de agosto de 1985. En consecuencia, regresaron a sus labores unos setenticinco empleados. A dichos empleados sólo se les descontó de sus salarios los días que no trabajaron por estar en la huelga.
El 26 de agosto de 1985 se les remitió por correo una carta a los huelguistas que no se habían reintegrado a sus labores informándoles que se les estaban formulando cargos por abandono del servicio y por incurrir en conducta lesiva a los mejores intereses del pueblo de Caguas. También, se les informó que tenían derecho a solicitar una vista administrativa informal dentro del término de quince días contados a partir de la fecha de recibo de dicha notificación. Estos hechos no fueron refutados por los recurrentes.
Los recurrentes alegaron que solicitaron la vista informal por medio de una carta común que fue entregada personalmente por los recurrentes, José Narváez Martínez y Luis Calderón. Estos alegaron que le entregaron la carta al Vicealcalde del Municipio de Caguas, el señor Gilberto Castillo, quien se negó a aceptarla, la tiró al suelo y les profirió palabras insultantes. Argüyeron que solicitaron la reintegración a sus labores antes de recibir la carta del 26 de agosto de 1985 pero que sus supervisores no los aceptaron por no tener la autorización del Alcalde.
El 24 de septiembre de 1985 el Alcalde de Caguas les notificó por carta a los recurrentes que debido a que no solicitaron la vista informal se daban los cargos por probados y procedió a destituirlos de sus empleos. Acto seguido, les advirtió de su derecho a apelar la decisión ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.) dentro del término de treinta (30) días a partir de dicha notificación. 
Los recurrentes, luego de varios incidentes procesales, acudieron a J.A.S.A.P. y solicitaron se dejara sin efecto sus destituciones. Luego de celebrada las vista administrativa y evaluada la totalidad de la prueba presentada, el Oficial Examinador hizo, en síntesis, las siguientes determinaciones de hechos:

"1.Todos los apelantes trabajaron en la División de Saneamiento del Departamento de Obras Públicas del apelado. Unos eran choferes o conductores y otros trabajadores.

2.

3. El martes 6 de agosto de 1985 los apelantes y otros empleados decidieron protestar e irse a un paro huelgario. Eran más de 100 los huelguistas. Este paro huelgario interrumpió y afectó las labores de recogido de basura del apelado. 

4.

5. El 13 de agosto de 1985 el apelado le envió una carta a todos los huelguistas, incluyendo a los apelantes requiriéndoles a éstos a que se reintegraran a sus labores. Se le concedió hasta no más tardar del lunes 19 de agosto de 1985 para tal fin.

6. ....Permanecieron en las actividades huelgarias y sin entrar a trabajar los apelantes.

7. El lunes 26 de agosto de 1985 el apelado envió cartas a los 43 apelantes formulándole cargos por abandono del servicio y por incurrir en conducta lesiva a los mejores intereses del Municipio...

8. Solamente el apelante Femando Maldonado solicitó dicha vista informal, la cual fue celebrada. 
*998
Luego de dicha vista informal, se dejaron sin efecto los cargos formulados y se le permitió reintegrarse a sus labores...

9 .

10.El 24 de septiembre de 1995 el apelado envió por correo certificado carta de destitución a todos los apelantes."

Ese mismo día los apelantes hicieron un intento de regresar a sus labores y hablaron con el Sr. Ceferino Fonseca, Supervisor en la División de Saneamiento pero éste les indicó que no podían regresar a sus labores porque no tenía instrucciones de sus supervisores de permitírselo."

De otra parte, el Oficial Examinador encontró que la prueba desfilada por los recurrentes en torno al intento de entregar la carta al Vicealcalde estaba plagada de contradicciones. Este le dio más peso al hecho probado de que al apelante, Fernando Maldonado, se le concedió la vista informal porque la solicitó dentro del término de quince (15) días laborables. Además, los recurrentes no pudieron presentar la carta aludida ya que el automóvil donde se encontraba fue robado.
El foro administrativo no le otorgó credibilidad a la prueba presentada sobre las alegadas gestiones realizadas para reintegrarse a sus labores. El organismo entendió que las gestiones se realizaron en o después del 26 de agosto de 1985 cuando el Alcalde ya les había enviado la carta formulándoles cargos por abandono del servicio.
El 25 de octubre de 1996 J.A.S.A.P. acogió las determinaciones de hecho y conclusiones de derecho de su Oficial Examinador y sostuvo la destitución de los recurrentes. Inconformes con dicha determinación recurren ante nos alegando que: ~

"Erró La Junta en la apreciación de la prueba de este caso y sus determinaciones de hechos no estuvieron sostenidas por evidencia sustancial al concluir ésta que los recurrentes fueron destituidos correctamente por la autoridad nominadora, a pesar de las gestiones que éstos hicieron para regresar a sus trabajos al igual que otros empleados huelguistas que sí fueron aceptados y al no concluir que a los recurrentes se les privó de sus empleos permanentes en violación al debido proceso de ley procesal y sustantivo y ala igual protección de la ley por el ejercicio legítimo de su derecho a la libertad de expresión y asociación."

Por entender que el error señalado no se cometió se deniega la expedición del auto solicitado.
00 CD c O 3 00 u ‘o o3 O p Crq •-! ’'O P c 3 3 3 O « EL cr D.DÍ3 a. «> 3 n a. a> en CU CTQ 2.rfj " ' c cu CL cu ' S M o c« § cu w era § 3 3 ru PJ O o S3 o3 a £J5 .2 ^ > TJ P a o o3 SI s o C3 O S <■8 T3< •g.2 CU.O O '> «.S <D -O 'C'D'g 8 o-9 o3 q -t-> g <D 3 ¡3 ^ L ü O OT3 C ^ o 'B £¶3 Ih g Ü <D CU ■*03 s }-c o s-< o cu I 8
El Artículo II, secciones 17 y 18 de la Constitución del Estado Libre Asociado de Puerto Rico sólo le reconoce el derecho a negociar colectivamente a los "trabajadores de empresas, negocios y patronos privados y de agencias o instrumentalidades del gobierno que funcionen como empresas o negocios privados...". Ello quiere decir, que los empleados municipales no tienen derecho a irse a la huelga. Por consiguiente, los actos en que incurrieron los recurrentes constituyeron una ausencia injustificada e ilegal por lo que se justifica la sanción impuesta.
En Santos y otros 23 v. Municipio de Comerío, _ D.P.R. _ (1996), sentencia de 8 de enero de 1997, 96 J.T.S. 170, nuestro Tribunal Supremo tuvo ante su consideración un caso con una situación de hechos similares a las del caso de marras. En dicho caso los peticionarios eran empleados regulares de carrera del Municipio y fueron despedidos por participar en un paro huelgario. Los peticionarios acudieron en apelación ante J.A.S.A.P. y ésta sostuvo la destitución. Tanto el Tribunal de Primera Instancia como el Tribunal de Circuito de Apelaciones confirmaron la resolución de J.A.S.A.P. declarando válida la acción tomada por el Municipio. Estos acudieron al Tribunal Supremo que ".no erró al destituir a los peticionarios dentro del marco de acción legal permisible al Municipio" *999 Ibid, pág. 456. A su vez, mediante opinión de conformidad emitida por el Juez Asociado señor Corrada del Río se advierte que:

"[Djejar sin efecto las destituciones decretadas en el caso de autos tendría el efecto de fomentar paros o huelgas ilegales de empleados de gobierno que ocasionan daños al interés del pueblo, bajo la< expectativa de que si son destituidos por tales acciones ilegales siempre pueden obtener una sanción disciplinaria menor."

Por otro lado, evaluamos los documentos presentados en el recurso de autos y concurrimos con las determinaciones de hechos que hizo el Oficial Examinador y adoptó J.A.S.A.P. Las alegaciones de los recurrentes sobre la solicitud de vista informal y reingreso a sus labores antes de la fecha límite establecida por el Alcalde están llenas de contradicciones.
Recalcamos que las conclusiones e interpretaciones de los organismos administrativos merecen nuestro respeto y deferencia ya que ellos poseen una vasta experiencia y conocimiento en la aplicación e interpretación de sus leyes, órdenes y reglamentos. Cuando las determinaciones del organismo administrativo se encuentran sostenidas por prueba amplia y sustancial los tribunales deben limitarse a determinar si éste actuó de forma arbitraria, ilegal, o de manera tan irrazonable que su conducta constituyó un abuso de discreción. Santos y otros 23 v. Municipio de Comerío, pág. 458. No olvidemos que las determinaciones y conclusiones de los organismos administrativos gozan de una presunción de corrección que deben respetarse si hay evidencia sustancial en el expediente que la sostengan. Maisonet Felicié v. Corp. Fondo del Seguro del Estado, _ D.P.R. _ (1996), op. de 30 de diciembre de 1996, 96 J.T.S. 169, pág. 454.
La decisión de J.A.S.A.P. se encuentra sostenida por la prueba y no existen elementos que nos persuada de que la agencia abusó de su discreción o actuó irrazonablemente.
Por los fundamentos expuestos se deniega la expedición del auto solicitado.
Lo acordó y lo certifica la Secretaria General.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 44
1. Los recurrente apelaron originalmente a J.A.S.A.P. el 30 de octubre de 1985; en esa ocasión la Junta determinó que se debía celebrar una vista informal en primera instancia y se archivó la apelación sin perjuicio hasta que se diera cumplimiento a lo anteriormente expuesto. Las vistas informales terminaron el 24 de noviembre de 1992 y el 1 de junio de 1993 el Oficial Examinador rindió su informe recomendando la destitución. El Alcalde acogió el informe y notificó nuevamente por escrito la destitución a los recurrentes.
2. Se menciona en la nota al calce núm. 4 del Informe del Oficial Examinador que la prueba presentada no refutó la ocurrencia del paro huelgario. Los recurrentes lo que querían refutar era el hecho de que no solicitaron vista y que no intentaron reintegrarse a sus labores antes del término concedido por el Alcalde.
3. Véase, A A.A. v. Unión Empleados A.A.A., 105 D.P.R. 437 (1976).
4. Véase, E.L.A. v. Asociación de Empleados Obras Públicas Municipales, _ D.P.R. _ (1990); op. de 30 de abril de 1990, 90 J.T.S. 64; J.R.T. v. Asociación de Servicios Médicos Hospitalarios, 115 D.P.R. 360 (1984); Asociación de Bomberos v. Servicio de Bomberos, 97 D.P.R. 305 (1969).